**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 09-4956**

─────────────

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

   v.

ROBERT EARL LOWRY,

       Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (2:02-cr-00013-F-1)

─────────────

Submitted:  November 29, 2010    Decided:  December 23, 2010

─────────────

Before WILKINSON, SHEDD, and DUNCAN, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Kelly L. Greene, GREENE & WILSON, P.A., New Bern, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Earl Lowry appeals the 195-month sentence imposed by the district court after his case was remanded for a fourth sentencing hearing so that the district court could reconsider the previously imposed 228-month sentence in light of Kimbrough v. United States, 552 U.S. 85 (2007) (holding that sentencing court may vary below guideline range based on disparity between crack and powder cocaine sentencing scheme). Lowry argues that the district court erred by denying his request for a downward variance based on issues not relevant to the crack/cocaine sentencing disparity, and failed to address on the merits his argument concerning disparity by either specifically accepting the current ratio or adopting its own. We affirm.

An appellate court reviews a sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id. First, the court must assess whether the district court properly calculated the guideline range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49-50; see United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010) ("[A]n

2

individualized explanation must accompany every sentence."); United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (same). An extensive explanation is not required as long as the appellate court is satisfied "'that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'" United States v. Engle, 592 F.3d 495, 500 (4th Cir. 2010) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)), cert. denied, 131 S. Ct. 165 (2010)).

Lowry concedes that the district court correctly determined his guideline range, but contends that the district court failed to address his arguments for a variance, "gave no reasoned explanation as to whether or not [it] accepted the sentencing disparity between crack and powder cocaine," and "denied the variance request on irrelevant considerations[.]" However, the district court clearly stated that it understood its authority to deviate from the guidelines based on the continued crack/cocaine sentencing disparity. The court did not reject the current guideline sentencing scheme, but complied with our mandate to reconsider the sentence in light of Kimbrough.

In Spears v. United States, 129 S. Ct. 840 (2009), the Supreme Court acknowledged that Kimbrough stood for the proposition that sentencing courts have the "authority to vary

3

from the crack cocaine guidelines based on policy disagreement with them, and not simply based on an individualized determination that they yield an excessive sentence in a particular case." Spears, 129 S. Ct. at 843. Spears does not hold that a district court must vary from the guidelines or state what it believes the ratio should be. See id. at 844 ("we now clarify that district courts are entitled to reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those Guidelines").

We conclude that the district court indicated with sufficient clarity its response to the parties' arguments and that the sentence is procedurally and substantively reasonable. See United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008) (applying presumption of substantive reasonableness to within-guideline sentence). We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4